LETTS, Chief Judge.
We are of the opinion that the judgment granted by the trial court should be reversed because factual issues exist which cannot be resolved by summary judgment.
We see no need for protracted recitation of all the facts. Suffice it to say that the dispute concerns whether an investor, withdrawing from a small corporation, was entitled to a return of his investment from the remaining stockholders as individuals, from the corporate entity or a combination of both.
A letter written by the corporate attorney to the remaining investors asked for written approval of the plan outlined to him by the withdrawing investor, so that the latter could have his $73,333.33 investment returned to him. The full text of the letter is as follows:
Mr. Samuel J. Levy
359 Martling Avenue
Tarrytown, New York 10591
Mr. Michel A. Picard
Sherbrooke Golf & Country Club, Inc.
6151 Lyons Road
Lake Worth, Florida 33463
Mr. M. Mac Schwebel
2 Leith Place
White Plains, New York 10605
Mr. Milton M. Farber
6 Corwood Road
Bronxville, New York 10708
Gentlemen:
Mr. Picard visited our offices on November 1, 1977 and informed me that you have each mutually agreed to terminate [the] Agreement of August 3, 1977. Specifically:
1. The $73,333.33 previously contributed by Mr. Picard will be returned to him forthwith,
2. He will have no further obligation to contribute funds to Sherbrooke Golf & Country Club, Inc., and,
3. He will receive no shares of stock in Sherbrooke Golf & Country Club, Inc.
If this letter correctly reflects the understanding and agreement of all four parties, please execute a copy of this letter and return it to my office.
With kindest regards, I remain
Yours truly,
/s/ RICHARD W. GRONER
RWG/sz
tai SAMUEL J. LEVY
/s/ MICHEL A. PICARD
/s/ M. MAC SCHWEBEL
/a/ MILTON M. FARBER
Pursuant to the last paragraph of the letter, it was forwarded to all the remaining four investors who duly signed in the spaces provided and returned it, thereby indicating approval of its terms.
From this set of circumstances the trial judge deduced as a matter of law that the refund was to be made exclusively by the remaining stockholders as individuals, despite the fact that $44,000 of the $73,333.33 has in truth been returned by the corporation, not by any individual.
We see nothing in the letter or its approval which established that the remaining investors would individually return the money. They did not write this letter, it was written to them and it merely asked the remaining investors if it was correct that the withdrawing investor was to get his money back and if so to confirm it. It is true that the withdrawing investor filed an affidavit in support of his motion for summary judgment, however although a reasonable interpretation of that affidavit would be that it was remaining investors individually who were responsible, both pertinent paragraphs in the affidavit quote, as authority for the individual liability, the above reproduced letter, which simply does not support any such conclusion.
We therefore hold that it cannot be said as a matter of law that the balance owed is the individual responsibility of the remaining investors and we believe there are genuine issues of material facts as to how and by whom the refund is to made.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
DOWNEY, J., concurs with LETTS, C. J., and concurs specially.
HURLEY, J., dissents with opinion.